1

```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )
                               )
     vs.                       )  No. 09 CR 175
                               )
PHILIP J. BAKER,               )  Chicago, Illinois
                               )  November 17, 2011
           Defendant.          )  2:00 o'clock p.m.

         TRANSCRIPT OF PROCEEDINGS - Sentencing
         BEFORE THE HONORABLE JOHN W. DARRAH

APPEARANCES:

For the Government:     HON. PATRICK J. FITZGERALD
                        United States Attorney
                        219 South Dearborn Street, Suite 500
                        Chicago, Illinois  60604
                        (312) 353-5300
                        BY:  MR. CLIFFORD C. HISTED

For the Defendant:      BAKER & DANIELS, L.L.P.
                        BY:  MR. KURT E. STITCHER
                        311 South Wacker Drive, Suite 4400
                        Chicago, Illinois  60606
                        (312) 212-6500

U.S. Probation:         Ms. Kelly Rice
```

```
            COLLEEN M. CONWAY, CSR, RMR, CRR
                  Official Court Reporter
         219 South Dearborn Street, Room 2524-A
                  Chicago, Illinois  60604
                       (312) 435-5594
              colleen_conway@ilnd.uscourts.gov
```

1     (Proceedings heard in open court:)
2            THE CLERK:  09 CR 175, United States versus Philip
3     Baker.
4            MR. HISTED:  Good afternoon, Your Honor.
5            Cliff Histed for the United States.
6            THE COURT:  Good afternoon, Mr. Histed.
7            MR. STITCHER:  Good afternoon, Your Honor.
8            Kurt Stitcher on behalf of Defendant Philip Baker.
9            MS. RICE:  And Kelly Rice on behalf of Probation for
10    Aron Pohlmeyer.
11        (Defendant in.)
12           THE COURT:  Good afternoon.
13           Will you tell Aron Pohlmeyer my congratulations?  He
14    did a very fine job in this report.
15           MS. RICE:  I will, Your Honor.  Thank you.
16           THE COURT:  Good afternoon, Mr. Baker.
17           THE DEFENDANT:  Good afternoon, sir.
18           THE COURT:  We are off the record.
19        (Court conferring with his clerk.)
20           THE COURT:  This matter comes on for sentencing.
21           Have you received a copy of the Presentence
22    Investigation Report, Mr. Baker?
23           THE DEFENDANT:  Yes, I have.
24           THE COURT:  Have you read it?
25           THE DEFENDANT:  Yes, sir.

1   THE COURT: Counsel, have you received a copy?
2   MR. STITCHER: Yes, I have, Your Honor.
3   THE COURT: And, Mr. Histed, you received a copy?
4   MR. HISTED: I have, Your Honor.
5   THE COURT: I have read the report as well.
6   The report has determined that the total offense
7   level is a level 51 and a criminal history category of I.
8   The plea agreement is to the contrary, and the
9   government's version of the offense is also to the contrary.
10  The government's version of the offense in the plea
11  agreement determined that the total offense level is a level 46
12  and a criminal history category of I, and the government
13  arrives at that by not increasing the total offense level.
14  Was that for --
15  MR. HISTED: One of the enhancements, Your Honor --
16  THE COURT: -- the safety of -- jeopardizing the
17  safety and soundness of a financial institution?
18  MR. HISTED: That's correct, Your Honor.
19  THE COURT: Right. And then you also would award a
20  three-level reduction, two and one additional one for the total
21  offense level being in excess of 16?
22  MR. HISTED: Correct, Your Honor.
23  THE COURT: All right. And I take it, Mr. Stitcher,
24  you would join in that assessment?
25  MR. STITCHER: With the government, yes, Your Honor.

1  THE COURT: It actually is academic because the total
2  offense level exceeds 43 and, therefore, the sentence under the
3  guidelines would be life, but, of course, the guidelines are
4  limited by the statutory maximum, which is 20 years.
5  Do you have any disagreement either with the facts
6  contained in the Presentence Investigation Report, Mr.
7  Stitcher, or the application of the guidelines?
8  MR. STITCHER: No, Your Honor. The only issue we
9  would raise is the same one that the Court just raised, which
10  is we are more comfortable with and agree with the calculations
11  set forth in the plea agreement as opposed to what's set forth
12  in the PSR.
13  THE COURT: All right. And, Mr. Histed, you are
14  persisting in your original analysis and the one that shows up
15  in your version of the offense?
16  MR. HISTED: We do believe that's the appropriate
17  calculation.
18  THE COURT: Why would there not be that two-level
19  increase for jeopardizing the soundness of a financial
20  institution?
21  MR. HISTED: That's a close call, Your Honor, and a
22  good question.
23  The financial institution that, according to the PSR,
24  the soundness of which was jeopardized by the defendant, was
25  his very own company, was his very own investment company. And

1 so reasonable minds could differ as to that. If it were an
2 outside company or a financial institution that he jeopardized,
3 then surely we would seek the enhancement. Here, it was a
4 close call.
5       THE COURT: All right. And you would join in that
6 analysis, Mr. Stitcher?
7       MR. STITCHER: Yes, Your Honor.
8       THE COURT: I agree as well, and I am going to adopt
9 the Presentence Investigation Report, both as to the factual
10 determinations and as to the findings, except for the report's
11 application of guideline 2B1.1(b)(18)(B).
12       And, actually, I think that should be 17(B), if I am
13 not mistaken.
14       And while we are on the subject, on line 153, I think
15 the guideline there is 2B1.1(b)(9). Your version of the
16 offense has it as (9), Mr. Histed, and I think that's the
17 correct one, so --
18       MR. HISTED: And I'm also looking at the new
19 guideline book, Your Honor, and I think it is (9).
20       THE COURT: Right. And I think that may be part of
21 the confusion.
22       MR. HISTED: No. I'm sorry. According to the
23 guideline book, it's (10), yeah.
24       THE COURT: All right. So the Presentence
25 Investigation Report is correct, and your --

1       MR. HISTED: Yeah, I think it is.
2       THE COURT: -- version of the offense needs to be
3   adjusted. I actually thought we finally caught the Probation
4   Department in an error.
5       We are off the record.
6       (Discussion held off the record.)
7       MS. RICE: And, Your Honor, were you adopting it with
8   not giving the acceptance? Because that was the other
9   question.
10      THE COURT: No. And that's the other thing. You are
11  absolutely -- I am glad you brought that to my attention.
12      Given the conduct in the case before Judge
13  Gottschall, the civil case, and also considering his flight,
14  although I can't really -- I don't believe I have the authority
15  to underwrite your request for a two-level reduction. I am
16  just curious as to why you would move for that.
17      MR. HISTED: Your Honor, since the defendant's
18  arrest, he has met with the government numerous times and we
19  have spent many hours together, and he has also provided
20  volumes of documents with an eye toward helping the government
21  identify, which we have, other people who were involved in this
22  offense.
23      THE COURT: I see.
24      MR. HISTED: And so although his cooperation would
25  not rise to the level of substantial assistance that we would

1  seek a downward departure, we did feel that, notwithstanding
2  the obstruction, at least he would get the acceptance of
3  responsibility.
4          THE COURT: All right. So his conduct really is
5  post-arrest that has caused the government to ask for the
6  three-level reduction?
7          MR. HISTED: That's correct.
8          THE COURT: And you, of course, have no objection to
9  that, Mr. Stitcher?
10         MR. STITCHER: No, Your Honor, not at all.
11         THE COURT: All right. Based on all of that, then --
12 I said a moment ago I accepted the Presentence Investigation
13 Report except for that one guideline application, and I also
14 will accept from my adoption of the Presentence Investigation
15 Report the three-level reduction for acceptance of
16 responsibility, particularly the additional one level because
17 it's a total offense level in excess of 16 points.
18         That leaves us with a guideline range of 240 months.
19 Do you want to speak to sentencing, Mr. Stitcher?
20         MR. STITCHER: No, Your Honor. I have met with my
21 client, and my client has advised me, unless he has changed his
22 mind since yesterday, that neither he nor I would make any
23 statement with regard to sentencing given the statutory maximum
24 and the guideline sentencing range other than to say, of
25 course, that the defendant, Mr. Baker, does accept full

1  responsibility for his conduct and does deeply regret his
2  involvement in any of the activities that are set forth in the
3  plea agreement.
4       THE COURT:  Mr. Histed, anything -- I read your
5  version of the offense.  Anything further you want to say?
6       MR. HISTED:  Well, no.  Your Honor, it's a rare
7  sentencing where I don't step up and point out the aggravating
8  nature of the offense.  Given that we are essentially pegged at
9  240 months for a guideline level and since Mr. Stitcher and the
10 defendant seem to agree with that, I guess I won't sort of bore
11 Your Honor with my chest-pounding speech other than to point
12 out, as is well known to anybody who's read the indictment, the
13 plea agreement, and the PSR, that this is an egregious -- that,
14 perhaps, is an understatement -- this is an egregious,
15 long-running fraud, Your Honor, involving nearly a thousand
16 victims and losses exceeding -- present losses exceeding $150
17 million.  The nature and circumstances of the offense are
18 clearly such that a sentence of 20 years, which is the
19 statutory maximum, is clearly the appropriate sentence in this
20 case.
21      THE COURT:  Thank you.
22      Mr. Baker, your attorney said that you did not choose
23 to make a statement, but everyone facing the pronouncement of a
24 sentence for a criminal offense in federal court is permitted
25 the right to make a statement, the right of allocution.  You

1 are not obligated to speak.

2 Is there anything you would like to say?

3 THE DEFENDANT: I just want to say I'm sorry to my
4 family and to my former clients. That's all. That's all I'd
5 like to say.

6 Thank you, Your Honor.

7 THE COURT: Thank you.

8 Applying the 3553 factors to the offense, considering
9 the nature and history of the offense -- Mr. Histed, you were
10 searching for a word with more gravity than egregious, and I
11 agree with that. This is a huge fraud affecting over 900
12 people, close to a thousand people. The havoc that this must
13 have worked on the lives of these people, particularly in these
14 economic times -- I note the Presentence Investigation Report
15 said that the socioeconomic and demographic data of these
16 people cuts across the very hierarchy of our society. One can
17 infer from that that some people to whom that money would have
18 been very, very important was lost to them because of your
19 conduct, Mr. Baker.

20 Considering your personal history and
21 characteristics, this course of conduct occurred over five
22 years.

23 The positive side of the equation is that you have
24 never been in any kind of trouble before. You have never come
25 to the attention of the criminal justice system and,

1 apparently, have been a provider to your children and led an
2 otherwise uneventful life as far as law enforcement is
3 concerned.
4 Considering the need for specific deterrence, I don't
5 believe that this court or any other court in the United States
6 will ever see you again. I think you have been certainly
7 deterred just because of the prosecution of this case.
8 But the real issue is the need to protect the public
9 and provide general deterrence. Crimes of this nature are
10 difficult to detect, difficult to prosecute, difficult to
11 investigate and prosecute, and bear a high rate of return for
12 very little effort.
13 In this case, the amount of money that was involved,
14 almost $300 million, an actual loss of in excess $150 million,
15 speaks to not only the magnitude of the crime, but the
16 difficulty of detecting it and the money that was made
17 available to you illegally.
18 Therefore, I find that a sentence within the
19 guideline range is necessary to meet those sentencing aims,
20 particularly to provide general deterrence to people that might
21 be similarly inclined, and I think a sentence at the statutory
22 maximum is appropriate for all those reasons as well.
23 Therefore, it is the sentence of this Court, pursuant
24 to the Sentencing Reform Act of 1984, the defendant, Philip J.
25 Baker, is committed to the custody of the Bureau of Prisons for

1  a term of 240 months.
2  　　　　I find that he does not have the present ability to
3  pay a fine; therefore, no fine will be imposed, nor will there
4  be any costs of incarceration.
5  　　　　In addition, I will waive any interest on the
6  restitutional amount, which is due and which will be a part of
7  the sentence.
8  　　　　He shall pay a special assessment to the United
9  States government of $100, which is payable and due
10 immediately.
11 　　　　He shall pay restitution in the amount, which is due
12 immediately, as I said, in the amount of $154,831,582.32.
13 　　　　Have there been any reductions in that amount, Mr.
14 Histed?
15 　　　　MR. HISTED:  No, Your Honor.
16 　　　　THE COURT:  All right.  That shall be reduced by any
17 amount recovered by the receiver appointed in the *U.S.*
18 *Commodity Futures Trading Commission versus Lake Shore Asset*
19 *Management* case, number 07 C 3598, which is pending here in the
20 Northern District of Illinois.
21 　　　　Restitution shall be directed to the receiver, Robb
22 Evans & Associates, L.L.C. at 11450 Sheldon Street, Sun Valley,
23 California 91352, to the attention of Mr. Brick Kane, until
24 such time as the receiver is discharged.  Thereafter,
25 restitution shall be directed to the National Futures

1   Association located at South Riverside Plaza, Suite 1800, in
2   Chicago, Illinois 60606.
3               Because of the length of the sentence and the extreme
4   likelihood that Mr. Baker will be deported upon serving his
5   sentence, there will be no period of supervision imposed.
6               Mr. Baker, you can appeal your conviction by guilty
7   plea if you believe that your conviction was somehow unlawful
8   or your guilty plea was somehow unlawful or involuntary, or if
9   you believe there was some other fundamental defect in the
10  proceeding that was not waived by your guilty plea.
11              Was there an Appellate Court waiver, Mr. Histed?
12              MR. HISTED:  There was, Your Honor.
13              THE COURT:  The plea agreement contains a provision
14  whereby you agree to waive all of these rights, and generally
15  those waivers are enforceable.  However, if you believe the
16  waiver is not enforceable, you have the right to present that
17  to the Appellate Court.
18              I emphasize that you always retain the right to
19  appeal if you believe your plea of guilty was not voluntarily
20  rendered or if you believe you weren't effectively represented
21  by Mr. Stitcher, your attorney.
22              You have the right to apply for appeal on what the
23  law calls *in forma pauperis*.  That means if you qualify, the
24  costs of preparing and filing an appeal will be waived or
25  forgiven.

       Mr. Baker, the Clerk of Court will prepare and file a notice of appeal upon your request with very few exceptions. Any notice of appeal must be filed within 14 days of the entry of this judgment.

       Do you understand what I have just said?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Stitcher, I will direct you to consult with your client. If it's his intention to file a notice of appeal, I will ask you to assist him in that regard.

MR. STITCHER: I will, Your Honor.

THE COURT: Thank you. Anything further?

MR. HISTED: Your Honor --

THE COURT: Is there a dismissal of any remaining charges or --

MR. HISTED: Yes, Your Honor. Just pursuant to the plea agreement, other than Count 1, the government moves to dismiss all remaining counts as well as the forfeiture allegation.

THE COURT: All right. That motion is granted.

       Mr. Baker, you have made a very, very serious mistake and caused a lot of people an awful lot of pain, I am sure your own immediate family but all these other people who lost an awful lot of money because of your conduct. I urge you to reflect upon what you have done while you are incarcerated and resolve it and come out of this a better person. It is obvious

1   that you are a person of great talent and great intellect.  It
2   would be nice if you could consider a way to use that in a more
3   positive way and benefit society and the people that have
4   supported you.  Good luck to you.
5           MR. STITCHER:  Your Honor, we do have one request,
6   and I understand it is just a request.
7           THE COURT:  A request regarding the service of the
8   sentence in Canada or --
9           MR. STITCHER:  Yes.  Well, no, Your Honor.  Actually,
10  that would be the second part.  The first part is Mr. Baker has
11  requested that the BOP place him in FCC Butner in North
12  Carolina because of his various medical conditions.  And,
13  again, we understand it is just a recommendation from the
14  Court.  We'd appreciate that recommendation.
15          THE COURT:  And I should have mentioned that that was
16  certainly one of the things that I considered in imposing the
17  sentence, the fact that he does have two serious illnesses and
18  that -- or a serious illness.
19          I will make that request to the Bureau of Prisons.
20          MR. STITCHER:  Thank you, Your Honor.
21          And to your second point, we do intend to have Mr.
22  Baker apply for a treaty transfer, and the government's agreed
23  in the plea agreement not to oppose that request --
24          THE COURT:  All right.
25          MR. STITCHER:  -- and to cooperate in that request.

1  THE COURT: And to the extent that any comment from
2  me would be helpful in that regard, I recommend to the Bureau
3  of Prisons that they grant that request.
4  MR. STITCHER: I appreciate that, Your Honor.
5  THE COURT: Good luck to you.
6  THE DEFENDANT: Thank you, Your Honor.
7  MR. HISTED: Thank you very much.
8  THE COURT: Thank you, Mr. Histed.
9  THE DEFENDANT: Cliff.
10 THE COURT: Mr. Histed?
11 MR. HISTED: Your Honor.
12 THE COURT: Your version of the offense, given the
13 complexity of this case, was really well written and I learned
14 a lot.
15 MR. HISTED: Thank you, Your Honor.
16 THE COURT: You're welcome.
17 MR. HISTED: Thank you.
18 (Proceedings concluded.)
19
20
21
22
23
24
25

Colleen M. Conway, Official Court Reporter

C E R T I F I C A T E

     I, Colleen M. Conway, do hereby certify that the foregoing is a complete, true, and accurate transcript of the Sentencing proceedings had in the above-entitled case before the HONORABLE JOHN W. DARRAH, one of the Judges of said Court, at Chicago, Illinois, on November 17, 2011.

/s/ Colleen M. Conway, CSR,RMR,CRR     01/23/12

Official Court Reporter     Date
United States District Court
Northern District of Illinois
Eastern Division

Colleen M. Conway, Official Court Reporter